IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JONATHAN MATTIX, individually and as independent administrator of, and on behalf of the ESTATE OF GEORGIA KAY BALDWIN, and GEORGIA KAY BALDWIN's heir(s)-at-law; JOSHUA MATTIX, individually; and JUSTIN BALDWIN, individually, | § § § § § § § § | |
| | § | CIVIL ACTION NO. 4:23-cv-00635-Y |
| Plaintiff, | § § | |
| v. | § § | |
| TARRANT COUNTY, TEXAS | § § | |
| Defendant. | § § | |

**TARRANT COUNTY'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW, TARRANT COUNTY, TEXAS ("Defendant"), in the above-styled and numbered cause and, subject to its pending motion to dismiss, files its Answer to Plaintiffs' First Amended Complaint, ECF No. 28, (the "Complaint"), and would state as follows:

1.      Defendant is not required to admit or deny the statements made in the paragraph under the title on page 1 of the Complaint, but to the extent required, Defendant denies the allegations contained in these statements.

2.      Defendant admits that court records in Cause No. PR-22-02267-2, in the Probate Court No. 2 of Dallas County support the allegations contained in paragraph 1 of the Complaint, but Defendant is otherwise without sufficient information or knowledge to admit the remaining allegations contained in this paragraph.

3.      Defendant admits the allegations contained in the first sentence of paragraph 2 of the Complaint. Defendant otherwise denies the remaining allegations contained in paragraph 2 of the Complaint.

4.      Defendant admits the jurisdictional and venue allegations contained in paragraph 3 of the Complaint.

5.      Defendant is not required to admit or deny the statements made in paragraph 4 of the Complaint, but to the extent required, Defendant denies the allegations contained in this paragraph.

6.      To the extent the allegations in paragraph 5 discuss the alleged legal duties of Tarrant County, Defendant is not required to admit or deny purported conclusions of law. Defendant otherwise denies the allegations in paragraph 5 of the Complaint.

7.      To the extent the allegations in paragraph 6 discuss Plaintiffs' pleading obligation under the federal rules, Defendant is not required to admit or deny purported conclusions of law. Defendant otherwise denies the allegations in paragraph 6 of the Complaint.

8.      Regarding paragraph 7 of the Complaint, Defendant admits that Ms. Baldwin was 52 years at the time of her death on September 14, 2021, which occurred while Ms. Baldwin was incarcerated in Tarrant County's custody. Defendant denies the remainder of the allegations in this paragraph.

9.      Regarding the allegations in paragraph 8 of the Complaint, Defendant admits that an Arlington Police Department report from Case No. 2020-02600058 contains the majority of the allegations contained in paragraph 8. To the extent that the report does not contain the allegations in this paragraph, Defendant is without sufficient information or knowledge to admit the remaining allegations contained in this paragraph.

10.     Regarding the allegations in paragraph 9 of the Complaint, Defendant admits that the Arlington Police Department report from Case No. 2020-02600058 referenced above states "I do believe that Baldwin has mental health issues" and that Ms. Baldwin was arrested and brought to the Tarrant County Jail. Defendant otherwise denies the remaining allegations in this paragraph.

11.     Defendant admits the allegations in the first sentence of paragraph 10 of the Complaint. Defendant further admits that a CCQ Inquiry was sent via TLETS, matched, and indicated that Ms. Baldwin received services through the North Texas Behavioral Health Authority. Defendant is without sufficient information or knowledge to admit the remaining allegations contained in this paragraph.

12.     Defendant admits the allegations in the first sentence of paragraph 11 of the Complaint. Regarding the second sentence of paragraph 11, Defendant admits that court records contain an entry stating "HOLD NO BOND PENDING EXAM." Defendant admits the allegations in the third sentence of paragraph 11 of the Complaint. Defendant denies the allegations in the fourth sentence of paragraph 11 of the Complaint. Defendant admits the allegations in the fifth sentence of paragraph 11 of the Complaint. Defendant otherwise denies the allegations in paragraph 11 of the Complaint.

13.     Regarding the allegations contained in paragraph 12 of the Complaint, Defendant admits that the Tarrant County Hospital District's records reflect that Dr. Elma Granado conducted a psychiatric evaluation of Ms. Baldwin on July 20, 2021 and that Dr. Granado's notes contain the allegations generally stated in paragraph 12 of the Complaint. Defendant denies that Plaintiff's paraphrasing of Dr. Granado's notes in paragraph 12 accurately reflects the entirety of Dr. Granado's notes as are stated in the Tarrant County Hospital District's records. Defendant further denies having knowledge of the specific contents of such records before Georgia Baldwin's death.

14.     Regarding the allegations in the first sentence in paragraph 13 of the Complaint, Defendant admits that on July 27, 2021, a criminal court magistrate signed an order stating that the Court had "been notified by the provider of the Jail-Based Competency Restoration Program that [Ms. Baldwin] has reached the maximum benefit from jail-based competency restoration and has not been restored to competency." Defendant admits the allegations in the second sentence in paragraph 13 of the Complaint are contained in an August 31, 2021 Tarrant County Hospital District record. Defendants admits the allegations in the third and fifth sentences in paragraph 13 of the Complaint. Defendant denies the allegations in the fourth sentence in paragraph 13 of the Complaint. Defendant otherwise denies the remaining allegations in paragraph 13 of the Complaint.

15.     Regarding the allegations in the first sentence in paragraph 14 of the Complaint, Defendant admits the allegation that various Tarrant County employees determined Georgia Baldwin had mental health needs when she booked into the jail. Defendant admits the allegations in the second sentence in paragraph 14 of the Complaint and denies the allegations in the third sentence in paragraph 14 of the Complaint.

16.     Regarding the allegations contained in paragraph 15 of the Complaint, Defendant Tarrant County admits that MHMR's records and the Tarrant County Hospital District's records reflect MHMR's and the Tarrant County Hospital District's respective mental and medical health care provided to, and treatment of, Ms. Baldwin while she was confined in the Tarrant County Jail. Defendant denies having knowledge of the specific contents of such records before Georgia Baldwin's death. Defendant otherwise denies the allegations contained in paragraph 15 of the Complaint.

17.     Regarding the table of allegations that are paraphrased from MHMR's records in paragraph 16 of the Complaint, Defendant denies having knowledge of the specific contents of MHMR's records before Georgia Baldwin's death. Defendant admits that various MHMR mental health staff interacted with and observed Georgia Baldwin and documented their interactions with Georgia Baldwin. Defendant denies that the complete and specific contents of those documented interactions are fully or accurately reflected in the table contained in paragraph 16. Defendant admits that the complete and specific contents of MHMR's records can best be determined by examining MHMR's records. Defendant otherwise denies the remaining allegations in paragraph 16.

18.     Defendant admits the allegations in all sentences in paragraph 17 of the Complaint, except that Defendant denies the allegations in the last sentence of this paragraph.

19.     Defendant admits the allegations in paragraph 18 of the Complaint.

20.     Defendant admits the allegations in paragraph 19 of the Complaint.

21.     Defendant admits that the allegations contained in paragraph 20 of the Complaint are contained in Ranger Dendy's Report of Investigation in INVEST#2021I-TRB-50077732.

22.     Defendant admits that the allegations contained in paragraph 21 of the Complaint are contained in Ranger Dendy's Report of Investigation in INVEST#2021I-TRB-50077732.

23.     Defendant admits that the allegations contained in all sentences (except for the next to last sentence) in paragraph 22 of the Complaint are contained in Ranger Dendy's Report of Investigation in INVEST#2021I-TRB-50077732. Defendant denies the allegations contained in the next to last sentence in this paragraph.

24.     Defendant admits that the allegations contained in paragraph 23 of the Complaint are contained in Ranger Dendy's Report of Investigation in INVEST#2021I-TRB-50077732.

25.      Defendant admits that the allegations contained in paragraph 24 of the Complaint are contained in Ranger Dendy's Report of Investigation in INVEST#2021I-TRB-50077732.

26.      Defendant admits that the allegations contained in paragraph 25 of the Complaint are contained in Ranger Dendy's Report of Investigation in INVEST#2021I-TRB-50077732.

27.      Defendant admits that the allegations contained in the first sentence through the end of the block quote contained in paragraph 26 of the Complaint are contained in Ranger Dendy's Report of Investigation in INVEST#2021I-TRB-50077732. Defendant denies the allegations following the block quote that are contained in paragraph 26 of the Complaint.

28.      Regarding the allegations in paragraph 27 of the Complaint, Defendant is not required to admit or deny purported conclusions of law. Defendant denies the factual allegations in this paragraph.

29.      Defendant denies the allegations in paragraph 28 of the Complaint.

30.      Regarding the allegations in paragraph 29 of the Complaint, Defendant is not required to admit or deny purported conclusions of law. Defendant admits that a complaint was filed in Miller v. Tarrant County, Texas and contains a number of allegations that Defendant denied in that case and denies herein. Defendant also admits that CGL Companies conducted a staffing and efficiency study and issued a Final Report dated 3/23/2021, which more completely states what CGL thought based on the information presented to it at that time. Defendant otherwise denies the allegations contained in this paragraph.

31.      Regarding the allegations in paragraph 30 of the Complaint, Defendant is not required to admit or deny purported conclusions of law. Defendant otherwise denies the allegations contained in this paragraph.

32.     Regarding the allegations in paragraph 31 of the Complaint, Defendant admits that the TJCS conducted an annual inspection of the Tarrant County Jail in 2014 and issued a Certificate of Compliance. Defendant further admits that any issues identified by the inspector would be included in the TCJS reports/records, which is the best evidence of what such reports/records state. Defendant otherwise denies the allegations in paragraph 31 of the Complaint.

33.     Regarding the allegations in paragraphs 32-33 of the Complaint, Defendant admits that the TJCS conducted an annual inspection of the Tarrant County Jail in 2015 and issued a Certificate of Compliance. Defendant further admits that any issues identified by the inspector would be included in the TCJS reports/records, which is the best evidence of what such reports/records state. Defendant otherwise denies the allegations in paragraphs 32-33 of the Complaint.

34.     Regarding the allegations in paragraph 34 of the Complaint, Defendant admits that the TJCS conducted an annual inspection of the Tarrant County Jail in 2016 and issued a Certificate of Compliance. Defendant further admits that any issues identified by the inspector would be included in the TCJS reports/records, which is the best evidence of what such reports/records state. Defendant otherwise denies the allegations in paragraph 34 of the Complaint.

35.     Regarding the allegations in paragraph 35 of the Complaint, Defendant admits that the TJCS conducted an annual inspection of the Tarrant County Jail in 2017 and issued a Certificate of Compliance. Defendant further admits that any issues identified by the inspector would be included in the TCJS reports/records, which is the best evidence of what such reports/records state. Defendant otherwise denies the allegations in paragraph 35 of the Complaint.

36.     Regarding the allegations in paragraph 36 of the Complaint, Defendant admits that the TJCS conducted an annual inspection of the Tarrant County Jail in 2019 and issued a Certificate

of Compliance. Defendant further admits that any issues identified by the inspector would be included in the TCJS reports/records, which is the best evidence of what such reports/records state. Defendant otherwise denies the allegations in paragraph 36 of the Complaint.

37.     Regarding the allegations in paragraph 37 of the Complaint, Defendant admits that the TJCS conducted an annual inspection of the Tarrant County Jail in 2020 and issued a Certificate of Compliance. Defendant further admits that any issues identified by the inspector would be included in the TCJS reports/records, which is the best evidence of what such reports/records state. Defendant otherwise denies the allegations in paragraph 37 of the Complaint.

38.     Regarding the allegations in paragraphs 38-39 of the Complaint, Defendant admits that the TCJS inspected the Tarrant County Jail following Dean Stewart's death and provided the County a Notice of Non-Compliance on May 21, 2020. In response, the Tarrant County Sheriff's Office submitted a Corrective Action Plan. On May 27, 2020, the TCJS reinspected and determined that there were no deficiencies noted and that a certificate of Compliance could be issued. Defendant otherwise denies the remaining allegations in paragraphs 38-39 of the Complaint.

39.     Regarding the allegations in paragraphs 40-41 of the Complaint, Defendant admits that the TCJS conducted an annual inspection between March 8-12, 2021 and issued a report containing technical assistance regarding certain matters. TCJS eventually issued a Certificate of Compliance. Defendant refers to the contents of TCJS's report and records, which would accurately set forth what TCJS stated. Defendant otherwise denies the remainder of the allegations contained in paragraphs 40 and 41 of the Complaint.

40.     Regarding the allegations in paragraph 42 of the Complaint, Defendant admits that the TCJS conducted an annual inspection between May 23-27, 2022, and issued a report containing

technical assistance regarding certain matters. TCJS eventually issued a Certificate of Compliance. Defendant refers to the contents of TCJS's report and records, which would accurately set forth what TCJS stated. Defendant otherwise denies the remainder of the allegations contained in paragraph 42 of the Complaint.

41.     Regarding the allegations in paragraph 43 of the Complaint, Defendant is not required to admit or deny purported conclusions of law. Defendant otherwise denies the allegations contained in this paragraph.

42.     Defendant admits that Betty Rodgers filed a lawsuit against Tarrant County and John Peter Smith Health Network making various allegations similar to what is stated/paraphrased in paragraph 44 of the Complaint; however, a federal district court determined that Rodgers had failed to state a claim and dismissed her lawsuit arising out of the allegations the subject of paragraph 44 of the Complaint. Defendant is otherwise without sufficient information or knowledge to admit the allegations contained in paragraph 44 of the Complaint.

43.     Defendant admits that the allegations in paragraph 45 of the Complaint concerning James Hemphill are contained in a 1/12/2011 Autopsy Report, a related Tarrant County Medical Examiner's Investigator's Report, and in TCSO investigative reports for Case # 2011-00478; although, Defendant refers to those reports as the best evidence of what is stated therein.

44.     Defendant admits that the affirmative allegations in paragraph 46 of the Complaint concerning the June 1, 2011, death of Kaleb Fitzgerald are contained in a 6/16/2011 Custodial Death Report; although, Defendant refers to that report as the best evidence of what is stated therein.

45.     Defendant admits that the allegations in paragraph 47 of the Complaint concerning Mike Martinez are contained in a Tarrant County Medical Examiner's Investigator's Report dated

July 16, 2011; although, Defendant refers to that report as the best evidence of what is stated therein.

46.     Defendant admits that Case No. 4:14-cv-200-A was brought on behalf of the Estate of Johnathan Holden making the allegations contained in paragraph 48 of the Complaint (*see* ECF No. 25 in that case). Defendant incorporates by reference the admissions and denials in ECF No. 27 in that case, which was Tarrant County's Amended Answer to Plaintiff's Second Amended Complaint and Petition for Declaratory Judgement.

47.     Regarding the allegations in paragraph 49 of the Complaint, Defendant admits that a 7/27/2012 Custodial Death Report concerns the June 24, 2012 death of Irvin Dorsey and is the best evidence of what the report does/does not state. Defendant otherwise denies the allegations in this paragraph.

48.     Defendant admits that the allegations in paragraph 50 of the Complaint are contained in a July 5, 2013 Custodial Death Report concerning Bernard Eaglin. Defendant denies the allegations in the last sentence of this paragraph.

49.     Defendant admits that the allegations in paragraph 51 of the Complaint are contained in a July 10, 2013 Custodial Death Report concerning Eduardo Salazar. Defendant denies the allegations in the last sentence of this paragraph.

50.     Regarding the allegations in paragraph 52 of the Complaint, Defendant admits that a 1/10/2014 Custodial Death Report concerns the 12/12/2013 death of Robert Simmons and is the best evidence of what the report does/does not state. Defendant otherwise denies the allegations in this paragraph.

51.     Regarding the allegations in paragraph 53 of the Complaint, Defendant admits that a 10/10/2014 Custodial Death Report concerns the 9/12/2014 death of William Diener III and is

the best evidence of what the report does/does not state. Defendant otherwise denies the allegations in this paragraph.

52.     Regarding the allegations in paragraph 54 of the Complaint, Defendant admits that a 12/4/2014 Custodial Death Report concerns the 11/9/2014 death of Nathan Crawford and is the best evidence of what the report does/does not state. Defendant otherwise denies the allegations in this paragraph.

53.     Regarding the allegations in paragraph 55 of the Complaint, Defendant admits that a 4/10/2015 Custodial Death Report concerns the 3/11/2015 death of Larry Crowley and is the best evidence of what the report does/does not state. Defendant otherwise denies the allegations in this paragraph.

54.     Defendant admits that the allegations in paragraph 56 of the Complaint are contained in a May 11, 2015 Custodial Death Report concerning Joseph Wilson. Defendant denies the allegations in the last sentence of this paragraph.

55.     Regarding the allegations in paragraph 57 of the Complaint, Defendant admits that a 7/1/2015 Custodial Death Report concerns the June 7, 2015 death of John Polk II and is the best evidence of what the report does/does not state. Defendant otherwise denies the allegations in this paragraph.

56.     Regarding the allegations in paragraph 58 of the Complaint, Defendant admits that the Tarrant County Medical Examiner's Autopsy Report concerning Krisha Blackwell determined her cause of death as sudden death associated with seizure disorder. Defendant also admits that the allegations in the 1st, 2nd, 3rd, first half of 4th, 5th, and first half of 6th sentences in this paragraph are contained in the TCSO's 9/23/2015 Incident/Investigation Report. Defendant otherwise denies the allegations in this paragraph.

57.     Regarding the allegations in paragraph 59 of the Complaint, Defendant admits that the Tarrant County Medical Examiner's Autopsy Report concerning Lupita Hernandez determined her cause of death as "I. Type 1 Diabetes Mellitus with Renal Failure and Congestive Heart Failure II. Seizure Disorder." Defendant otherwise denies the allegations in this paragraph.

58.     Regarding the allegations in paragraph 60 of the Complaint, Defendant admits that a 12/9/2015 Custodial Death Report concerns the 11/8/2015 death of Andrew Canfield and is the best evidence of what the report does/does not state. Defendant otherwise denies the allegations in this paragraph.

59.     Regarding the allegations in paragraph 61 of the Complaint, Defendant admits that Billy Freeland booked into the Tarrant County Jail on October 18, 2017 and was immediately placed under an alcohol-withdrawal protocol. Defendant admits that Freeland died on November 4, 2017. Defendant otherwise denies the remaining allegations in this paragraph.

60.     Regarding the allegations in paragraph 62 of the Complaint, Defendant admits that a 3/16/2018 Custodial Death Report concerns the 2/9/2018 death of Robert Renfrow and is the best evidence of what the report does/does not state. Defendant otherwise denies the allegations in this paragraph.

61.     Defendant admits the allegations in the first sentence of paragraph 63 of the Complaint, but Defendant otherwise denies the allegations in this paragraph.

62.     Defendant admits the allegations in the first half of the first sentence and the second sentence in paragraph 64 of the Complaint. Defendant otherwise denies the allegations in this paragraph.

63.     Regarding the allegations in paragraph 65 of the Complaint, Defendant admits the allegations in the last sentence that the TCME determined that Derick Wynn died of a mixed drug

intoxication (methamphetamine and cocaine). Defendant also admits that the other allegations in this paragraph are contained in the summary in a 9/25/2019 Custodial Death Report, which is the best evidence of what the report does/does not state. Defendant denies the allegations in the last sentence of this paragraph.

64.     Regarding the allegations in paragraph 66 of the Complaint, Defendant admits that a 9/25/2019 Custodial Death Report concerns the 7/26/2019 death of Southany Khiengsombath and is the best evidence of what the report does/does not state. Defendant otherwise denies the allegations in this paragraph.

65.     Defendant admits that the allegations in paragraph 67 of the Complaint are contained in a 9/25/2019 Custodial Death Report concerning Robert Miller. Defendant denies the allegations in the last sentence of this paragraph.

66.     Regarding the allegations in paragraph 68 of the Complaint, Defendant admits that a 9/25/2019 Custodial Death Report concerns the 8/31/2019 death of Jackson Murphy and is the best evidence of what the report does/does not state. Defendant otherwise denies the allegations in this paragraph.

67.     Regarding the allegations in paragraph 69 of the Complaint, Defendant admits that a 6/11/2020 Custodial Death Report concerns the 2/26/2020 death of Ricky Farmer and is the best evidence of what the report does/does not state. Defendant otherwise denies the allegations in this paragraph.

68.     Regarding the allegations in paragraphs 70-71 of the Complaint, Defendant admits the allegation that Dean Stewart booked into the Tarrant County Jail on April 6, 2020. Defendant admits the allegation that Stewart was eventually housed in a single cell for his protection.

Defendant admits the allegation in the second sentence of paragraph 70. Defendant otherwise denies the allegations in paragraphs 70-71 of the Complaint.

69.     Regarding the allegations in paragraph 72 of the Complaint, Defendant admits that Chasity Congious has filed a lawsuit concerning the delivery and death of her baby; however, Defendant otherwise denies the allegations in this paragraph.

70.     Regarding the allegations in paragraph 73 of the Complaint, Defendant admits that Javonte Myers died in the Tarrant County Jail on June 19, 2020 and that his mother filed a lawsuit related thereto; however, Defendant otherwise denies the allegations in this paragraph.

71.     Regarding the allegations in paragraph 74 of the Complaint, Defendant admits that a 1/8/2021 Custodial Death Report (amended) concerns the 6/24/2020 death of Jason Martin and is the best evidence of what the report does/does not state. Defendant otherwise denies the allegations in this paragraph.

72.     Regarding the allegations in paragraph 75 of the Complaint, Defendant admits that a 1/8/2021 Custodial Death Report (Amended) concerns the 6/25/2020 death of Abdullahi Mohamed and is the best evidence of what the report does/does not state. Defendant otherwise denies the allegations in this paragraph.

73.     Regarding the allegations in paragraph 76 of the Complaint, Defendant admits that a 4/21/2021 Custodial Death Report (Amended) concerns the 9/9/2020 death of Dalanna Price and is the best evidence of what the report does/does not state. Defendant otherwise denies the allegations in this paragraph.

74.     Regarding the allegations in paragraph 77 of the Complaint, Defendant admits that a 4/21/2021 Custodial Death Report (amended) concerns the 9/14/2020 death of Andre Wilson

and is the best evidence of what the report does/does not state. Defendant otherwise denies the allegations in this paragraph.

75.     Regarding the allegations in paragraph 78 of the Complaint, Defendant admits that a 9/29/2021 Custodial Death Report (amended) concerns the 11/10/2020 death of Kennie Craven and is the best evidence of what the report does/does not state. Defendant otherwise denies the allegations in this paragraph.

76.     Defendant admits that the allegations in paragraph 79 (sentences 1-5) of the Complaint are contained in a TCSO corporal's and a TCSO sergeant's 12/17/2020 respective reports. Defendant admits the allegations in the 6th sentence of paragraph 79 of the Complaint. Defendant denies the allegations in the last sentence of this paragraph.

77.     Regarding the allegations in paragraph 80 of the Complaint, Defendant admits that a 12/7/2021 Custodial Death Report (amended) concerns the 12/19/2020 death of Lee Haney and is the best evidence of what the report does/does not state. Defendant otherwise denies the allegations in this paragraph.

78.     Regarding the allegations in paragraph 81 of the Complaint, Defendant admits that a 1/10/2022 Custodial Death Report (amended) concerns the 3/21/2021 death of DeAnthony Taylor and is the best evidence of what the report does/does not state. Defendant otherwise denies the allegations in this paragraph.

79.     Regarding the allegations in paragraph 82 of the Complaint, Defendant admits that a 3/29/2022 Custodial Death Report (amended) concerns the 7/20/2021 death of Jeffery Buchanan and is the best evidence of what the report does/does not state. Defendant otherwise denies the allegations in this paragraph.

80.     Regarding the allegations in paragraph 83 of the Complaint, Defendant admits that an 8/26/2021 Custodial Death Report concerns the 8/18/2021 death of Jeremiah Noble and is the best evidence of what the report does/does not state. Defendant otherwise denies the allegations in this paragraph.

81.     Defendant admits that the allegations in paragraph 84 of the Complaint are contained in a March 10, 2022 Custodial Death Report (amended) concerning Tyler Huffman. Defendant denies the allegations in the last sentence of this paragraph.

82.     Regarding the allegations in paragraph 85 of the Complaint, Defendant admits that a 5/13/2022 Custodial Death Report (amended) concerns the 10/30/2021 death of Leon Jacobs and is the best evidence of what the report does/does not state. Defendant otherwise denies the allegations in this paragraph.

83.     Regarding the allegations in paragraph 86 of the Complaint, Defendant admits that a 1/10/2022 Custodial Death Report concerns the 1/3/2022 death of Alvie Johnson and is the best evidence of what the report does/does not state. Defendant otherwise denies the allegations in this paragraph.

84.     Regarding the allegations in paragraph 87 of the Complaint, Defendant admits that a 3/15/2022 Custodial Death Report concerns the 2/25/2022 death of Edgar Villatoro-Alvarez and is the best evidence of what the report does/does not state. Defendant otherwise denies the allegations in this paragraph.

85.     Defendant is without sufficient information or knowledge to admit the allegations contained in paragraph 88 of the Complaint.

86.     Regarding the allegations in paragraph 89 of the Complaint, Defendant admits that a 3/9/2022 Custodial Death Report concerns the 2/22/2021 death of Timothy Rasor and is the best

evidence of what the report does/does not state. Defendant otherwise denies the allegations in this paragraph.

87.     Regarding the allegations in paragraph 90 of the Complaint, Defendant admits that an 8/4/2022 Custodial Death Report concerns the 7/20/2022 death of Trelynn Wormley and is the best evidence of what the report does/does not state. Defendant otherwise denies the allegations in this paragraph.

88.     Defendant admits the allegations contained in the first two sentence of paragraph 91 of the Complaint. Defendant otherwise denies the allegations in this paragraph.

89.     Regarding the allegations in paragraph 92 of the Complaint, Defendant admits that a 7/1/2022 Custodial Death Report concerns the 6/17/2022 death of Oh Young Park and is the best evidence of what the report does/does not state. Defendant otherwise denies the allegations in this paragraph.

90.     Regarding the allegations in paragraph 93 of the Complaint, Defendant admits that an 8/4/2022 Custodial Death Report concerns the 6/28/2022 death of Thomas Simpkins and is the best evidence of what the report does/does not state. Defendant otherwise denies the allegations in this paragraph.

91.     Regarding the allegations in paragraph 94 of the Complaint, Defendant admits that a 9/30/2022 Custodial Death Report concerns the 8/27/2022 death of Richard Marta and is the best evidence of what the report does/does not state. Defendant otherwise denies the allegations in this paragraph.

92.     Regarding the allegations in paragraph 95 of the Complaint, Defendant admits that a 9/30/2022 Custodial Death Report concerns the 9/14/2022 death of Lyonell Mitchell and is the

best evidence of what the report does/does not state. Defendant otherwise denies the allegations in this paragraph.

93.     Regarding the allegations in paragraph 96 of the Complaint, Defendant admits that a 10/18/2022 Custodial Death Report concerns the 9/29/2022 death of Kenneth Perry and is the best evidence of what the report does/does not state. Defendant otherwise denies the allegations in this paragraph.

94.     Regarding the allegations in paragraph 97 of the Complaint, Defendant admits that a 12/14/2022 Custodial Death Report concerns the 11/16/2022 death of Antonio Deluca and is the best evidence of what the report does/does not state. Defendant otherwise denies the allegations in this paragraph.

95.     Regarding the allegations in paragraph 98 of the Complaint, Defendant admits that a 3/13/2023 Custodial Death Report concerns the 2/15/2023 death of George Zink and is the best evidence of what the report does/does not state. Defendant otherwise denies the allegations in this paragraph.

96.     Regarding the allegations in paragraph 99 of the Complaint, Defendant admits that a 4/17/2023 Custodial Death Report concerns the 3/20/20223 death of Heidiann Renee Gitts and is the best evidence of what the report does/does not state. Defendant otherwise denies the allegations in this paragraph.

97.     Regarding the allegations in paragraph 100 of the Complaint, Defendant admits that a 4/17/2023 Custodial Death Report concerns the 3/23/2023 death of Jason Levar Jackson and is the best evidence of what the report does/does not state. Defendant otherwise denies the allegations in this paragraph.

98.     Regarding the allegations in paragraph 101 of the Complaint, Defendant is not required to admit or deny purported conclusions of law. Defendant denies all factual allegations in this paragraph.

99.     Regarding the allegations in paragraph 102 of the Complaint, Defendant is not required to admit or deny purported conclusions of law. Defendant denies all factual allegations in this paragraph.

100.     Regarding the allegations in paragraph 103 of the Complaint, Defendant is not required to admit or deny purported conclusions of law. Defendant denies all factual allegations in this paragraph.

101.     Regarding the allegations in paragraph 104 of the Complaint, Defendant is not required to admit or deny purported conclusions of law. Defendant denies all factual allegations in these paragraphs.

102.     Regarding the allegations in paragraph 105 of the Complaint, Defendant is not required to admit or deny purported conclusions of law. Defendant denies all factual allegations in this paragraph.

103.     Defendant denies the allegations in paragraph 106 of the Complaint.

104.     Regarding the allegations in paragraph 107 of the Complaint, Defendant is not required to admit or deny purported conclusions of law. Defendant denies all factual allegations in this paragraph.

105.     Regarding the allegations in paragraph 108 of the Complaint, Defendant is not required to admit or deny purported conclusions of law. Defendant denies all factual allegations in this paragraph.

106.     Defendant denies the allegations in paragraph 109 of the Complaint.

107.    Defendant denies the allegations in paragraph 110 of the Complaint.

108.    Defendant denies the allegations in paragraph 111 of the Complaint.

109.    Defendant is not required to admit or deny the allegations in paragraphs 112-113 of the Complaint.

110.    Defendant denies that Plaintiffs are entitled to the relief requested in paragraph 114 of the Complaint.

## ADDITIONAL RESPONSES AND AFFIRMATIVE DEFENSES

111.    Defendant asserts and alleges that Plaintiffs have failed to specifically plead sufficient facts that would give rise to any cause of action against Defendant. Defendant specifically pleads Plaintiffs' failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6).

112.    Defendant specifically denies that the Plaintiffs have stated a claim for damages against it upon which this Court may grant relief under 42 U.S.C. § 1983.

113.    Defendant specifically denies that it adopted or maintained any custom, policy, practice or procedure that was the moving force behind any individual's violation of any federal constitutional or statutory rights of or any rights secured under state law belonging to Plaintiffs or Baldwin.

114.    Defendant specifically denies that it adopted or maintained any such custom, policy, practice or procedure with deliberate indifference to the rights of Baldwin or Plaintiffs.

115.    Defendant specifically denies that it can be liable under *Monell* because there was no underlying constitutional violation.

116.    Defendant specifically denies that it acted with deliberate indifference to Baldwin or Plaintiffs.

117.    Defendant specifically denies that Baldwin was exposed to any condition of confinement that was violative of her federal constitutional or statutory rights.

118.    Defendant specifically denies that it adopted or maintained any condition of confinement with deliberate indifference to the rights of Baldwin, Plaintiffs, or others.

119.    To the extent that Plaintiffs are seeking to recover any past medical damages that Defendant has already paid, and for which Plaintiffs have no liability, then Plaintiffs are barred from seeking such damages.

120.    Plaintiffs' claims should also be barred under the doctrines of release, waiver, and/or assumption of the risk and/or based on her covenant not to sue. Baldwin expressly refused medical and mental health care. In fact, Baldwin signed a Correctional Health Treatment Refusal Form for all medical care on April 28, 2021, signing as follows: "This refusal is of my own free will and accord and I will not enter into any type of litigation against the Hospital District, the Tarrant County Sheriff's Department or any of their agents as a result of this refusal. . . . I accept the risks and responsibility for this decision." Plaintiffs should not be permitted to bring suit against the County for any consequence(s) of Baldwin having refused medical/mental health care. Baldwin refused medical and/or mental health care treatment, released and/or waived any claims arising out of her medical and/or mental health care, assumed the risk of refusing medical/mental health care treatment, and/or agreed/covenanted not to bring this litigation.

121.    Defendant should not be held liable for any injuries or damages caused by Baldwin or Plaintiffs. Likewise, Defendant should not be held liable for any injuries or damages that Baldwin and/or Plaintiffs failed to mitigate. Accordingly, to the extent that Baldwin's/Plaintiff's own acts and/or omissions were the cause of Baldwin's or Plaintiffs' alleged injuries or damages,

Defendant ought to be able to use evidence of such (1) to apportion Baldwin's/Plaintiffs' own fault on the question of liability and/or (2) to demonstrate that Baldwin/Plaintiffs failed to mitigate.

122.    Further, Defendant would show that all or a portion of any damages claimed by Baldwin/Plaintiffs are due, in whole or in part, to prior injuries, diseases, and/or conditions wholly unrelated to the occurrences in question and for which Defendant is not liable.

## **JURY DEMAND**

123.    Defendant hereby demands trial by jury as to the allegations made against Defendant in the Complaint or any amendments or supplements thereto, and as to any of the matters set forth in this Answer or any amendments or supplements thereto.

WHEREFORE, PREMISES CONSIDERED, Defendant Tarrant County, Texas prays this Court to enter an order dismissing this suit with prejudice, declaring that Plaintiffs take nothing by this action, awarding its costs, including a reasonable attorney's fee expended herein, and granting any further relief to which it may be justly entitled under the law.

Respectfully submitted,

*/s/ M. Keith Ogle*
M. KEITH OGLE
State Bar No. 24037207
Assistant Criminal District Attorney

PHIL SORRELLS
CRIMINAL DISTRICT ATTORNEY
TARRANT COUNTY, TEXAS

Tarrant County Criminal District Attorney's Office
Tim Curry Criminal Justice Center
401 W. Belknap, 9th Floor
Fort Worth, Texas 76196

817-884-1233 - Telephone
817-884-1675 – Facsimile
E-Mail: mkogle@tarrantcountytx.gov

**ATTORNEY FOR TARRANT COUNTY, TEXAS**

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the above and foregoing document was served upon the following parties in accordance with the provisions of Rule 5, Fed. R. Civ. P., February 12, 2024:

T. Dean Malone                          *Via Electronic Filing*
Angelika Anderson
Law Offices of Dean Malone, P.C.
900 Jackson Street, Suite 730
Dallas, Texas 75202
Email: dean@deanmalone.com
Email: angelika.anderson@deanmalone.com
**Attorneys for Plaintiff**

*/s/ M. Keith Ogle*
M. KEITH OGLE